UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

XAC, LLC, formerly known as Amici LLC,
and XEROX CORPORATION,

                    Plaintiffs,

         v.                                        1:07-CV-135
                                                    (FJS/RFT)
JOHN A. DEEP,                                      (Lead Case)

                    Defendant.

---

JOHN A. DEEP,

                    Plaintiff,

         v.                                        1:07-CV-496
                                                    (FJS/RFT)
XAC, LLC, formerly known as Amici LLC,             (Member Case)
XEROX CORPORATION, and iDEAL
APPLICATIONS, LLC,

                    Defendants.

---

APPEARANCES                          OF COUNSEL

DREYER BOYAJIAN LLP                  WILLIAM J. DREYER, ESQ.
75 Columbia Street
Albany, New York 12210
Attorneys for Plaintiffs

CADWALADER, WICKERSHAM &             GREGORY A. MARKEL, ESQ.
TAFT LLP
One World Financial Center
New York, New York 10281
Attorneys for Plaintiffs

**JOHN A. DEEP**
Cohoes, New York 12047
Defendant *pro se*

**SCULLIN, Senior Judge**

### ORDER

Defendant filed a motion to dismiss for lack of subject matter jurisdiction in *XAC, LLC v. Deep*, 1:07-CV-135, on July 12, 2007. *See* Dkt. No. 24. On August 6, 2007, Plaintiffs moved to consolidate *XAC, LLC v. Deep*, 1:07-CV-135, with *Deep v. XAC, LLC*, 1:07-CV-496. *See* Dkt. No. 27. On September 17, 2007, Magistrate Judge Treece granted Plaintiffs' motion to consolidate, designated *XAC, LLC v. Deep*, 1:07-CV-135, as the lead case and *Deep v. XAC, LLC*, 1:07-CV-496, as the member case, and directed that all filings and court submissions would be made in the lead case. *See* Dkt. No. 40.

In support of his motion, Defendant argues that Plaintiffs' complaint in *XAC, LLC v. Deep*, 1:07-CV-135, fails to allege a basis for federal subject matter jurisdiction. *See* Defendant's Memorandum of Law at 1. Even a cursory review of Plaintiffs' complaint demonstrates that Defendant's assertion is without merit. Plaintiffs' complaint seeks a determination regarding the validity of a copyright and, therefore, arises under the Copyright Act, 17 U.S.C. § 1701 *et seq.* Moreover, in *Deep v. XAC, LLC*, 1:07-CV-496, which is now part of this consolidated action, the complaint involves claims of copyright infringement.

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss for lack of subject matter jurisdiction is

**DENIED**.


**IT IS SO ORDERED.**


Dated: September 30, 2008
         Syracuse, New York


Frederick J. Scullin, Jr.
Senior United States District Court Judge